IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CLARENCE TANKERSLEY                                                              PLAINTIFF

v.                                                                      No. 1:16CV238-GHD-RP

WARDEN BRAND HUFFMAN, ET AL.                                                     DEFENDANTS

## FINAL JUDGMENT

Having considered the file and records in this action, including the Report and Recommendation of the United States Magistrate Judge and the objections to the Report and Recommendation, the court finds that the plaintiff's objections are without merit and that the Magistrate Judge's Report and Recommendation should be approved and adopted as the opinion of the court. The Magistrate Judge recommended dismissal of the case because the plaintiff's punishment for the rule infraction (loss of privileges for 30 days) was not severe enough to trigger due process protections, basing the recommendation on *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

Mr. Tankersley argued in his objection to the Report and Recommendation that, because of the guilty finding on the rule infraction, the Mississippi Parole Board denied his request for parole. He thus argues that the guilty finding on his Rule Violation Report effectively extended duration of his imprisonment. However, a claim that actions by state officials affected the fact or duration of a prisoner's confinement must be litigated through a petition for a writ of *habeas corpus*, not a prisoner civil rights case under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). As such, Mr. Tankersley's first objection is without merit.

He also argues in his objections that prison officials confiscated the contraband (money in this case) and did not return it – an act constituting a taking of his property without due process of law. This claim is foreclosed under the *Parratt-Hudson* doctrine. The random and unauthorized

deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, the *Paratt-Hudson* doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial question before the court as to the plaintiff's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993. As to suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting and within the course scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston Law Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the State of Mississippi.

*Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss. App. 2012). Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in Johnson are legally indistinguishable from those in the instant case. The prison officials in that case confiscated Johnson's drinking mug and disposed of it. *Johnson v. King*, 85 So.3d 307, 311-312 (Miss. App. 2012). Johnson had purchased the mug from the canteen with his own money. *Id.* The mug as purchased was not considered contraband, and Johnson had not modified the mug in such a way to turn it into contraband. *Id.* The Mississippi Court of Appeals held that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for the fair value of the mug. *Id.* Those facts mirror the facts in the present case. As such, the plaintiff in this case has an adequate remedy under state law, and his claims for the taking of his property without due process of law must be dismissed.

Finally, Mr. Tankersley argues that, as money is contraband within the Mississippi prison system, he would not be able to earn or possess money when he is released on parole. First, such a claim is too speculative to be ripe for consideration in this court. Second, the very purpose of releasing an inmate on parole is to facilitate his reintegration into society. As part of that process, the parolees are required to work and pay some combination of supervision fees, fines, restitution and or other things. Clearly, the State of Mississippi considers money as contraband only when an inmate is confined in a facility; as such, this objection is wholly without merit.

It is **ORDERED**:

1. That the plaintiff's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2. That the Report and Recommendation of the United States Magistrate Judge is hereby **APPROVED AND ADOPTED** as the opinion of the court; and

3. That the instant case is DISMISSED for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. § 1915(g).

**SO ORDERED**, this, the 29nd day of February, 2018.

/s/ Glen H. Davidson

SENIOR JUDGE